UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| KEITH BELLEW,                         ) | Civil Action No.: 4:20-CV-02265-TER |
|                                      ) | |
|        Plaintiff,      ) | |
|                                      ) | |
| -vs-                                 ) | |
|                                      ) | **ORDER** |
| Kilolo Kijakazi,[1]                  ) | |
| Acting Commissioner of Social Security, ) | |
|                                      ) | |
|        Defendant.    ) | |
| _____ ) | |

      This is an action brought pursuant to Section 205(g) of the Social Security Act, as amended, 42 U.S.C. Section 405(g), to obtain judicial review of a "final decision" of the Commissioner of Social Security, denying Plaintiff's claim for disability insurance benefits (DIB). The only issues before the Court are whether the findings of fact are supported by substantial evidence and whether proper legal standards have been applied. This action is proceeding before the undersigned pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. Proc. R. 73.

### I. RELEVANT BACKGROUND

**A.     Procedural History**

      On March 15, 2018, Plaintiff filed an application for DIB, with an alleged onset date of July 18, 2014. (Tr. 15). Plaintiff's claims were denied initially and upon reconsideration. Thereafter, Plaintiff filed a request for a hearing. A hearing was held on May 17, 2019, at which time Plaintiff and a vocational expert (VE) testified. (Tr. 15). The Administrative Law Judge (ALJ) issued an unfavorable decision on July 12, 2019, finding that Plaintiff was not disabled within the meaning

---

[1] Recently, Kilolo Kijakazi became the Acting Commissioner of Social Security. Pursuant to Fed. R. Civ. P. 25(d), she is automatically substituted for Defendant Andrew Saul who was the Commissioner of Social Security when this action was filed.

of the Act. (Tr. 15-24). Plaintiff filed a request for review of the ALJ's decision, which the Appeals Council denied on June 3, 2020, making the ALJ's decision the Commissioner's final decision. (Tr. 1-3). On June 16, 2020, Plaintiff filed an action in this court. (ECF No. 1).

**B.    Plaintiff's Background and Medical History**

Plaintiff was born on March 25, 1970, and was forty-five years old on the date last insured. (Tr. 22). Plaintiff has past relevant work experience as a welder. (Tr. 22). Only records pertinent to the issues argued by Plaintiff will be summarized under the relevant issue headings.

**C.    The ALJ's Decision**

In the decision of July 12, 2019, the ALJ made the following findings of fact and conclusions of law (Tr. 15-24):

1. The claimant last met the insured status requirements of the Social Security Act on June 30, 2015.

2. The claimant did not engage in substantial gainful activity during the period from his alleged onset date of July 18, 2014 through his date last insured of June 30, 2015 (20 CFR 404.1571, *et seq.*).

3. Through the date last insured, the claimant had the following severe impairments: right knee anterior cruciate ligament (ACL) tear; first cuneiform fracture; probable extensor tendon injuries by description; degenerative disc disease of the lumbar spine; anxiety; and chronic use of narcotic pain medication (20 CFR 404.1520(c)).

4. Through the date last insured, the claimant did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).

5. After careful consideration of the entire record, I found that, through the date last insured, the claimant had the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b), except he could stand and/or walk 6 hours in an 8-hour workday; he could sit 6 hours in an 8-hour workday; he would require a sit/stand option to be exercised every 30 minutes; he could lift, carry, push, and pull 10 pounds frequently and 20 pounds occasionally; he could never crouch, crawl, or kneel; he could occasionally stoop; he could occasionally climb ramps and stairs; he could never climb ropes, ladders, or scaffolds; he

could never work around extreme cold, humidity, or vibrations; he could never work around dangerous machinery or unprotected heights; he was limited to performing simple, routine, repetitive work with 1-2-3 step instructions; he was limited to an environment requiring few decisions; he was limited to only occasional interaction with co-workers and supervisors; and he was limited to no contact with the public.

6.  Through the date last insured, the claimant was unable to perform any past relevant work (20 CFR 404.1565).

7.  The claimant was born on March 25, 1970 and was 45 years old, which is defined as a younger individual age 18-49, on the date last insured (20 CFR 404.1563).

8.  The claimant has a limited education and is able to communicate in English (20 CFR 404.1564).

9.  Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. Through the date last insured, considering the claimant's age, education, work experience, and residual functional capacity, there were jobs that existed in significant numbers in the national economy that the claimant could have performed (20 CFR 404.1569 and 404.1569a).

11. The claimant was not under a disability, as defined in the Social Security Act, at any time from July 18, 2014, the alleged onset date, through June 30, 2015, the date last insured (20 CFR 404.1520(g)).

## II. DISCUSSION

Plaintiff argues the ALJ erred at Step Five in finding GED reasoning level two and three jobs given the RFC found. Plaintiff argues the ALJ erred in evaluating Dr. Wadee's opinions and in performing the subjective symptom evaluation. Defendant argues that the ALJ's decision is supported by substantial evidence.

### A.     LEGAL FRAMEWORK

#### 1.     The Commissioner's Determination–of–Disability Process

The Act provides that disability benefits shall be available to those persons insured for benefits, who are not of retirement age, who properly apply, and who are under a "disability." 42 U.S.C. § 423(a). Section 423(d)(1)(A) defines disability as: the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for at least 12 consecutive months. 42 U.S.C. § 423(d)(1)(A).

To facilitate a uniform and efficient processing of disability claims, regulations promulgated under the Act have reduced the statutory definition of disability to a series of five sequential questions. *See, e.g., Heckler v. Campbell*, 461 U.S. 458, 460 (1983) (discussing considerations and noting the "need for efficiency" in considering disability claims). An examiner must consider the following: (1) whether the claimant is engaged in substantial gainful activity ("SGA"); (2) whether he has a severe impairment; (3) whether that impairment meets or equals an impairment included in the Listings;[2] (4) whether such impairment prevents claimant from performing PRW;[3] and (5)

---

[2] The Commissioner's regulations include an extensive list of impairments ("the Listings" or "Listed impairments") the Agency considers disabling without the need to assess whether there are any jobs a claimant could do. The Agency considers the Listed impairments, found at 20 C.F.R. part 404, subpart P, Appendix 1, severe enough to prevent all gainful activity. 20 C.F.R. § 404.1525. If the medical evidence shows a claimant meets or equals all criteria of any of the Listed impairments for at least one year, he will be found disabled without further assessment. 20 C.F.R. § 404.1520(a)(4)(iii). To meet or equal one of these Listings, the claimant must establish that his impairments match several specific criteria or be "at least equal in severity and duration to [those] criteria." 20 C.F.R. § 404.1526; *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990); *see Bowen v. Yuckert*, 482 U.S. 137, 146 (1987) (noting the burden is on claimant to establish his impairment is disabling at Step 3).

[3] In the event the examiner does not find a claimant disabled at the third step and does not have sufficient information about the claimant's past relevant work to make a finding at the fourth step, he may proceed to the fifth step of the sequential evaluation process pursuant to 20 C.F.R. § 404.1520(h).

whether the impairment prevents him from doing SGA. *See* 20 C.F.R. § 404.1520. These considerations are sometimes referred to as the "five steps" of the Commissioner's disability analysis. If a decision regarding disability may be made at any step, no further inquiry is necessary. 20 C.F.R. § 404.1520(a)(4) (providing that if Commissioner can find claimant disabled or not disabled at a step, Commissioner makes determination and does not go on to the next step).

A claimant is not disabled within the meaning of the Act if he can return to PRW as it is customarily performed in the economy or as the claimant actually performed the work. See 20 C.F.R. Subpart P, § 404.1520(a), (b); Social Security Ruling ("SSR") 82–62 (1982). The claimant bears the burden of establishing his inability to work within the meaning of the Act. 42 U.S.C. § 423(d)(5).

Once an individual has made a prima facie showing of disability by establishing the inability to return to PRW, the burden shifts to the Commissioner to come forward with evidence that claimant can perform alternative work and that such work exists in the regional economy. To satisfy that burden, the Commissioner may obtain testimony from a VE demonstrating the existence of jobs available in the national economy that claimant can perform despite the existence of impairments that prevent the return to PRW. *Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir. 2002). If the Commissioner satisfies that burden, the claimant must then establish that he is unable to perform other work. *Hall v. Harris*, 658 F.2d 260, 264-65 (4th Cir. 1981); *see generally Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987) (regarding burdens of proof).

### 2.     The Court's Standard of Review

The Act permits a claimant to obtain judicial review of "any final decision of the Commissioner [ ] made after a hearing to which he was a party." 42 U.S.C. § 405(g). The scope of

that federal court review is narrowly-tailored to determine whether the findings of the Commissioner are supported by substantial evidence and whether the Commissioner applied the proper legal standard in evaluating the claimant's case. *See id.*; *Richardson v. Perales*, 402 U.S. 389, 390 (1971); *Walls*, 296 F.3d at 290 (*citing Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990)).

The court's function is not to "try these cases *de novo* or resolve mere conflicts in the evidence." *Vitek v. Finch*, 438 F.2d 1157, 1157-58 (4th Cir. 1971); *see Pyles v. Bowen*, 849 F.2d 846, 848 (4th Cir.1988) (*citing Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986)). Rather, the court must uphold the Commissioner's decision if it is supported by substantial evidence. "Substantial evidence" is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 390, 401; *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005). Thus, the court must carefully scrutinize the entire record to assure there is a sound foundation for the Commissioner's findings and that her conclusion is rational. *See Vitek*, 438 F.2d at 1157-58; *see also Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). If there is substantial evidence to support the decision of the Commissioner, that decision must be affirmed "even should the court disagree with such decision." *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). Substantial evidence as a threshold is "not high;" "[u]nder the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains "sufficien[t] evidence" to support the agency's factual determinations*." Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019).

**B.     ANALYSIS**

**Step Five**

Plaintiff argues the ALJ erred at Step Five in finding GED reasoning level two and three jobs given the RFC found. Plaintiff argues that the ALJ has a duty to identify and obtain a reasonable

explanation of any apparent conflicts between VE testimony and the DOT and the ALJ must explain how the conflict has been resolved. The ALJ here gave a limitation of "simple, routine, repetitious work with 1-2-3 step instructions; he was limited to an environment requiring few decisions." (Tr. 20).

Plaintiff argues, citing to *Henderson v. Colvin*, 643 Fed. Appx. 273 (4th Cir. 2016),the ALJ erred by failing to obtain an explanation from the VE as to the apparent conflict between Reasoning Level two and three requirements and the Plaintiff's RFC. Plaintiff argues the Commissioner failed to meet the burden at Step Five.

The ALJ is required to elicit an explanation for a "apparent unresolved conflict" between the VE and DOT.  The ALJ noted:

> Pursuant to SSR 00-4p, I determined that the vocational expert's testimony was consistent with the information contained in the Dictionary of Occupational Titles.

(Tr. 23). The VE testified generally that her testimony was consistent with the DOT. (Tr. 50).  The VE testified to and the ALJ found the jobs of garment sorter, DOT# 222.687-014, 1991 WL 672131, GED reasoning level two; mail clerk, DOT# 209.687-026, 1991 WL 671813, GED reasoning level three; and electronics worker, DOT# 726.687-010, 1991 WL 679633, GED reasoning level two.

Two of the jobs are GED[4] Reasoning Level 2, which is defined by the DOT: "Apply

---

[4] GED reasoning level is a distinct consideration apart from SVP. *Pearson v. Comm'r of Soc. Sec. Admin.*, No. 1:16-2726-PMD-SVH, 2017 WL 1378197, at *13 (D.S.C. Mar. 29, 2017), *report and recommendation adopted sub nom.*, 2017 WL 1364220 (D.S.C. Apr. 14, 2017). SVP stands for "specific vocational preparation" and is defined as "the amount of lapsed time required by a typical worker to learn the techniques, acquire the information, and develop the facility needed for average performance in a specific job-worker situation." DOT, App. C, 1991 WL 688702. SVP is rated on a scale of 1 to 9, with 1 being the least amount of time necessary to learn a job, "short demonstration only" and 9 being "over 10 years." *Id.* GED refers to "education of a general nature which does not have a recognized, fairly specific occupational objective." *Id.* GED is ranked on a scale of 1 to 6, with 1 being the lowest. *Id.* The GED scale

commonsense understanding to carry out detailed but uninvolved written or oral instructions. Deal with problems involving a few concrete variables in or from standardized situations." *See* DOT, App. C, 1991 WL 688702.

Plaintiff argues a reasoning level of two requires the ability to understand and carry out detailed instructions and reasoning level three jobs require even more complex tasks. Plaintiff argues the ALJ must elicit an explanation for the apparent conflict. Plaintiff argues the ALJ has not satisfied the ALJ's SSR 00-4p duties.

SSR 00-4p places an affirmative duty on the ALJ to "obtain a reasonable explanation for the apparent conflict." SSR 00-4p; *Pearson v. Colvin*, 810 F.3d 204, 208-09 (4th Cir. 2015). The Fourth Circuit discussed "apparent" thoroughly in the context of SSR 00-4p:

> "Apparent," of course, has two definitions: "obvious," and "seeming real or true, but not necessarily so." Apparent, Oxford Dictionary, http://www.oxforddictionaries.com/definition/apparent (last visited Dec. 1, 2015). **But the context of the word "apparent" in SSR 00–4p makes plain that the Ruling intends the latter meaning—that the ALJ must identify where the expert's testimony seems to, but does not necessarily, conflict with the Dictionary**. For the Ruling explains that "[i]f the [vocational expert]'s ... evidence appears to conflict with the [Dictionary], the adjudicator will obtain a reasonable explanation for the apparent conflict." SSR 00–4p, at *4 (emphasis added). And the title of one of the Ruling's sections addresses "Conflicts (or Apparent Conflicts)," id. at *2; that title would be redundant if "apparent" meant "obvious."
>
> We recognize that this conclusion rejects both the Commissioner's claim that, if any conflict needs to be identified and resolved, it is **only obvious** conflicts, and Pearson's contention that **all possible** conflicts must be identified and resolved.

*Pearson v. Colvin*, 810 F.3d 204, 209 (4th Cir. 2015)(emphasis added).

In a published panel decision, the Fourth Circuit joined "every other circuit to consider the

---

is composed of three divisions: reasoning development, mathematical development, and language development. *Id.*

issue" and found no apparent conflict between GED Reasoning Level two jobs and an RFC of "simple, routine, repetitive tasks of unskilled work,"[5] and therefore, the ALJ there committed no error because there was no apparent conflict to identify and resolve. *Lawrence v. Saul*, 941 F.3d 140, 143 (4th Cir. Oct. 24, 2019)(published).[6]

The RFC here is not identical to any of the RFCs in *Lawrence, Thomas*, or *Henderson*.[7] In *Thomas v. Berryhill*, 916 F.3d 307 (4th Cir. 2019), the court found that the ALJ erred in failing to resolve an apparent conflict between the claimant's RFC limiting her to jobs involving "short, simple instructions" and the jobs the VE identified that required a reasoning level of two. It noted that the plaintiff, "being limited to short, simple instructions, may not be able to carry out detailed but uninvolved instructions." *Id.* at 314. In *Lawrence*, 941 F.3d at 143, the court found a restriction to "simple, routine repetitive tasks of unskilled work" was not inconsistent with "Level 2's notions of 'detailed but uninvolved ... instructions' and tasks with 'a few [ ] variables.'"  It distinguished the RFC at issue from *Thomas*, noting: "the key difference is that Thomas was limited to 'short' instructions. Short is inconsistent with 'detailed' because <u>detail and length are highly correlated</u>. Generally, the longer the instructions, the more detail they can include." *Id.*(emphasis added). The

---

[5] *Cf. Thomas v. Berryhill*, 916 F.3d 307, 313-14 (4th Cir. 2019)(apparent conflict between RFC limited to jobs involving "<u>short </u>simple <u>instructions</u>" and Level 2's "detailed but uninvolved instructions"; *Lawrence*, 941 F.3d at 143 (noting that "tasks" and "instructions" in some circumstances may be synonymous).

[6] This is opposite of the holdings in the past, prior to *Lawrence*, of several courts in this district who have addressed this issue.

[7] Defendant asserts: "like the ALJ in *Lawrence*, the ALJ limited Mr. Bellew to "simple, routine, repetitious work with 1-2-3 step instructions." (ECF No.  21 at 16). This is inaccurate. The RFC in *Lawrence* was  "simple, routine repetitive tasks of unskilled work" without a reference to number of step instructions.  *Lawrence v. Saul*, 941 F.3d 140, 142 (4th Cir. 2019).

Fourth Circuit Court of Appeals explained:

> To begin with, detailed instructions are, in the main, less correlated with complexity than with length. **Instructions often include many steps**, each of which is straightforward. Driving directions are a good example: they may prescribe many turns, but the turns are generally easy to make, and the route rarely changes, making the directions simple, routine, and repetitive. Further, there is no conflict between "simple" and "uninvolved" instructions, as both connote instructions that "are not complicated or intricate." *Moore v. Astrue*, 623 F.3d 599, 604 (8th Cir. 2010) (citing Webster's Third New Int'l Dictionary, 1191, 2499 (2002)). Finally, "routine" and "repetitive tasks" may involve a few variables, just as driving directions may vary if a road is closed.

*Id.* at 143-44 (emphasis added).

Two other courts have addressed the RFC of three step instructions after *Lawrence* and found error as to this issue. In *Dana v. Saul*, 1:20-2012-SVH, 2021 WL 632616, at *16 (D.S.C. Feb. 18, 2021), the court reasoned the RFC of three step instructions was akin to "short". *Id.* "Plaintiff might not be able to satisfy all the requirements of a job at GED reasoning level two because the job could reasonably involve more than three-step instructions. Such a scenario is illustrated by the court's example in *Lawrence*, 941 F.3d at 144." *Id.* Another court considering a three step instruction RFC found an apparent conflict as well. *See Dellinger v. Berryhill*, No. 3:17-676-RJC-DSC, 2019 WL 1325929 at *3-4 (W.D.N.C. Mar. 25, 2019)(error but not outcome determinative because a reasoning level one job remained there unlike here).

In light of this apparent conflict and pursuant to SSR 00-4p and Fourth Circuit case law, the ALJ should have obtained some explanation from the VE about how Plaintiff could perform the jobs, with the reasoning level requirements of two and three,[8] identified by the VE. This would have

---

[8] GED Reasoning Level 3 is defined by the DOT: "Apply commonsense understanding to carry out instructions furnished in written, oral, or diagrammatic form. Deal with problems involving several concrete variables in or from standardized situations." *See* DOT, App. C, 1991 WL 688702. *Lawrence* did not address reasoning level three jobs. Case law supports that

10

allowed the ALJ to resolve any conflicts by determining if the VE's explanation was reasonable and provided a basis for reliance on the VE rather than the DOT. SSR 00-4p. The ALJ did not obtain a reasonable explanation for the apparent conflict between the DOT and the VE's testimony before relying on VE's testimony that Plaintiff could perform the jobs opined by the VE.

In light of the case law, record before the court, and duties upon the ALJ pursuant to SSR 00-4p, there is an apparent conflict here as to the reasoning level two and three jobs and the ALJ should have obtained some explanation from the VE about how Plaintiff could perform the jobs identified

---

there is at the very least an apparent conflict in need of resolution where the RFC found is simple, routine tasks and the jobs identified by the VE are DOT reasoning level three jobs. *Reid v. Astrue*, No. 6:10-2118-MBS-KFM, 2012 WL 667164, at *12-13 (D.S.C. Feb. 8, 2012); *Piner v. Berryhill*, No. 3:17-TMC-SVH, 2017 WL 4712084, at *13-14, *adopted by*, 2017 WL 4682004 (D.S.C. Oct. 18, 2017); *Christopherson v. Colvin*, No. 6:15-4725-JMC-KFM, 2016 WL 7223283, at *9 (D.S.C. Nov. 18, 2016); *Pressley v. Berryhill,* No. 8:16-2716-BHH-JDA, 2017 WL 4174780, at *10-11 (D.S.C. Aug. 24, 2017), *adopted by* 2017 WL 4156460 (D.S.C. Sept. 19, 2017); *McDowell v. Berryhill*, No. CV 1:17-1253-PMD-SVH, 2018 WL 4523196, at *17 (D.S.C. Apr. 16, 2018), *report and recommendation adopted*, 2018 WL 3216103 (D.S.C. July 2, 2018); *Shivers v. Colvin*, No. 6:12-3381-SB, 2014 WL 1315183 (D.S.C. March 27, 2014); *Lanford v. Berryhill*, No. 8:17-cv-01204-MGL-JDA, 2018 WL 3802102, at *10 (D.S.C. July 26, 2018), *report and recommendation adopted*, 2018 WL 3773913 (D.S.C. Aug. 9, 2018); *Massey v. Colvin*, No. 3:12-3483-TMC, 2013 WL 6780575, at *8-9 (D.S.C. Dec 19, 2013); *see also Hackett v. Barnhardt*, 395 F.3d 1168, 1176 (10th Cir. 2005); *Meadows v. Berryhill*, No. 4:17-CV-105-FL(2), 2018 WL 3596064, at *4-5 (E.D.N.C. July 3, 2018), *report and recommendation adopted*, 2018 WL 3594980 (E.D.N.C. July 26, 2018); *Mullis v. Colvin*, No. 1:11-cv-22, 2014 WL 2257188 (M.D.N.C. May 29, 2014) ; *Hill v. Berryhill*, No. 3:16-CV-00042-GCM, 2017 WL 3485108, at *3 (W.D.N.C. Aug. 14, 2017). Other district courts in the Fourth Circuit have "repeatedly found that a limitation to simple or routine tasks conflicts with jobs requiring a GED reasoning level of three and that such a conflict must be addressed and resolved by the ALJ." *Graham-Willis v. Colvin*, No. 1:12-cv-02489-JMC, 2013 WL 6840465 at *7 (D.S.C. Dec. 27, 2013) (collecting cases). Two appellate courts have held that there is an apparent conflict between a limitation to simple, routine, or repetitive tasks and the requirements of level-three reasoning. *See Zavalin v. Colvin*, 778 F.3d 842, 846-47 (9th Cir. 2015); *Hackett v. Barnhart*, 395 F.3d 1168, 1176 (10th Cir. 2005).Reasoning level 3 is more demanding than level 2 by its nature and "diagrammatic instructions can be abstract," supporting an apparent conflict in simple tasks and reasoning level three jobs. *Keller v. Berryhill*, 754 Fed. Appx. 193, 198, n.5 (4th Cir. Nov. 29, 2018)(unpublished)(internal citation omitted).

11

by the VE with the reasoning level requirements two and three. This would have allowed the ALJ to resolve any apparent conflicts by determining if the VE's explanation was reasonable and provided a basis for reliance on the VE rather than the DOT. SSR 00-4p.

In light of the court's finding that this matter should be remanded for further consideration, the court need not address Plaintiff's remaining issues. *See Boone v. Barnhart*, 353 F.3d 203, 211 n.19 (3d Cir. 2003) (remanding on other grounds and declining to address claimant's additional arguments). Upon remand, the ALJ should take into consideration Plaintiff's remaining allegations of error, including but not limited to, Dr Wadee's opinions and the subjective symptom evaluation, under the applicable law and regulations.

### III. CONCLUSION

In conclusion, it may well be that substantial evidence exists to support the Commissioner's decision in the instant case. The court cannot, however, conduct a proper review based on the record presented. Accordingly, pursuant to the power of the Court to enter a judgment affirming, modifying, or reversing the Commissioner's decision with remand in social security actions under sentence four of Sections 205(g) and 1631(c)(3) of the Social Security Act, 42 U.S.C. Sections 405(g) and 1338(c)(3), the Commissioner's decision is reversed and this matter is REMANDED to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings in accordance with this opinion.

October 7, 2021
Florence, South Carolina

s/ Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge